UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

George Moore,

    Plaintiff,

v.

Warden, Pickaway Correctional
Institution, et al.,

    Defendants.

Case No. 2:11–cv–132

Judge Michael H. Watson
Magistrate Judge King

## ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983,[1] alleging that defendants deprived him of medication and food in violation of his rights under the Eighth Amendment to the United States Constitution. On September 20, 2011, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's *Motion for a Temporary Restraining Order*, ECF No. 33, be denied. *Report and Recommendation*, ECF No. 43. This matter is before the Court on plaintiff's *Objection*, ECF No. 46, to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

In his motion, plaintiff asks that defendant Pickaway Correctional Institution ("PCI") Warden Cook be compelled "to institute command of officers and medical staff

---

[1]Although plaintiff filed this action on a form petition under 28 U.S.C. § 2254, ECF No. 1, the Court construed the action as being brought pursuant to Section 1983, noting that plaintiff is complaining about conditions of confinement. *Order of Transfer*, ECF No. 2.

of Pickaway Correctional Institution and forbid officers and medical staff from interfearing [sic] with the dispensing of medical care lawfully prescribed by a medical doctor[.]" ECF No. 33, pp. 1–2. Commenting that plaintiff had not met the high standard necessary for extraordinary injunctive relief sought by him, the United States Magistrate Judge concluded that plaintiff had not shown a likelihood of success on the merits or demonstrated irreparable harm. *Report and Recommendation*, pp. 6-10.

In his objections, plaintiff insists that he "has shown this Court that employee's [sic] of Pickaway Corr. Institution" have violated his constitutional rights. ECF No. 46, p. 2. Specifically, plaintiff contends that PCI Warden Cook violated plaintiff's rights when the warden allegedly failed to investigate "violations" (*i.e.*, alleged withholding of medication and/or food). *Id*. However, as previously explained in the *Report and Recommendation*, individual liability on the part of a supervisor must be based on "active unconstitutional behavior." *Report and Recommendation*, pp. 6-7. Here, plaintiff has not even alleged that Warden Cook personally withheld medicine and/or food. Similarly, plaintiff's objections do not identify any unconstitutional governmental policy or custom necessary to hold this defendant liable in his official capacity. *See, e.g., Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Accordingly, the *Report and Recommendation* correctly concluded that plaintiff failed to demonstrate a likelihood of success on the merits against PCI Warden Cook in either his individual or official capacity.

Plaintiff's contention that his inability to access his medical record and/or defendants' alleged "tampering" with that record do not militate a different result.

*Objection,* pp. 2, 4. As explained *supra,* in order to prevail on his claims against the defendant warden, plaintiff must identify active unconstitutional behavior personally taken or authorized by him or identify an unconstitutional policy or custom attributable to the State through its agent. Simply pointing to medical records or offering general allegations that "defendants" tampered with that record, without more, do not establish liability on the part of Warden Cook.

Finally, the *Report and Recommendation* correctly noted that plaintiff's complaints relate to past incidents in which persons who are not parties to this action allegedly withheld medication and/or food. *Id.* pp. 8-10. Such allegations are simply insufficient to establish the "actual and imminent" harm necessary to justify the extraordinary injunctive relief requested. *See Abney v. Amgen, Inc.,* 443 F.3d 540, 552 (6th Cir. 2006).

Having carefully reviewed the record, the *Report and Recommendation* and plaintiff's objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, ECF No. 46, are **DENIED**. The *Report and Recommendation*, ECF No. 43, is **ADOPTED** and **AFFIRMED**.

Plaintiff's *Motion for a Temporary Restraining Order,* ECF No. 33, is **DENIED**.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**