IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**GEORGE MOORE,**

    **Plaintiff,**

    **vs.**                                      Civil Action 2:11-CV-132
                                                      Judge Watson
                                                      Magistrate Judge King

**WARDEN, PICKAWAY CORRECTIONAL**
**INSTITUTION,** *et al.***,**

    **Defendants.**


<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that defendants deprived him of medication and food in violation of his rights under the Eighth Amendment to the United States Constitution. This matter is before the Court on several pending motions.

**I.    BACKGROUND**

    Plaintiff, currently incarcerated at Pickaway Correctional Institution ("PCI"), is medically and physically handicapped. *Amended Complaint*, Doc. No. 9,[1] ¶¶ B, C. As a result, plaintiff "has very limited mobility and is wheelchair bound (has been for several years)." *Id*.

    On September 8, 2010, a PCI nurse refused to give plaintiff medicine because there was no prescription for him. *Id*. ¶ D; *Exhibit F*, attached to *Motion for Summary Judgment.* According to plaintiff, however, a doctor had prescribed him Ultram for back pain and

---

[1]The *Amended Complaint* is verified.

Nitroglycerine.  *Id*.  Notwithstanding these prescriptions, plaintiff was denied the two medicines from September 8 through September 16, 2010.  *Id*.

On January 7, 2011, PCI Sergeant Justice, according to plaintiff, "took my ID badge as punishment for a minor infraction because he knew I would not be able to obtain meals unless" plaintiff had this identification card.  *Id.*; *Exhibit G*, attached to *Motion for Summary Judgment*.  After plaintiff filed an informal complaint about this incident, plaintiff "was set up by a cohort of Sgt. Justice's on a phony drug charge[.]"  *Amended Complaint*, ¶ F.  Following a hearing before the Rules Infraction Board ("RIB"), plaintiff was found guilty of possession and sale of Ultram.  *Id*.  His prescription for Ultram was discontinued.  *Id*.

On February 7, 2011, plaintiff filed the original complaint, naming as defendants PCI Warden Cook and Ernie Moore, Director of Ohio Department of Rehabilitation and Corrections ("ODRC").  Doc. No. 1.[2]  On April 19, 2011, before there was any response to his original complaint, plaintiff filed the *Amended Complaint*, alleging that defendants knowingly deprived him of medicine and food in violation of his rights under the Eighth Amendment.  Plaintiff seeks injunctive and monetary relief.  *Amended Complaint*, p. 6.

II. ***MOTION TO STRIKE* AND *MOTION FOR SUMMARY JUDGMENT***

Defendants Gary Mohr, current Director of the Ohio Department of

---

[2]Plaintiff originally filed this action in the Western Division of the Southern District.  *Id*.  The case was transferred to this Court on February 14, 2011.  *Order of Transfer*, Doc. No. 2.

Rehabilitation,[3] and Brian Cook, Warden of PCI, have moved for summary judgment on plaintiff's claims. *Motion for Summary Judgment of Defendants Gary Mohr, Director, and Brian Cook, Warden*, Doc. No. 47 ("*Motion for Summary Judgment*"). Plaintiff opposes the *Motion for Summary Judgment*, *Response to Defendants* [sic] *Request for Summary Judgement* [sic] *Doc # 47*, Doc. No. 48 ("*Plaintiff's Response*"), and defendants have filed a reply memorandum, *Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment*, Doc. No. 49 ("*Reply*"). After the *Reply* was filed, however, plaintiff filed an additional brief. *See Plaintiff's Response to Defendants* [sic] *#49*, Doc. No. 50 ("*Plaintiff's Surreply*"). Defendants have objected to the filing of *Plaintiff's Surreply* and move to strike the filing, arguing, *inter alia*, that Fed. R. Civ. P. 12 and S.D. Ohio Civ. R. 7.2 do not contemplate a filing beyond the reply brief and plaintiff has not sought and obtained leave for this additional memorandum. Doc. No. 52. Although defendants are correct that those rules do not provide for the filing of a surreply, the Court, in its discretion, will nevertheless consider this *pro se* plaintiff's additional filing. Accordingly, defendants' motion to strike, Doc. No. 52, is **DENIED**.

    **A.**    **Standard for Motion for Summary Judgment**

The standard for summary judgment is well established. This

---

[3]It is not immediately apparent whether plaintiff has named defendants in their personal capacity or official capacity or both. To the extent that plaintiff has brought suit against the defendants in their official capacities, Gary Mohr is substituted in place of former director Ernie Moore pursuant to Fed. R. Civ. P. 25(d).

standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Catrett,* 477 U.S. at 323.  Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,* 477 U.S. at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact

making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

    **B.    Exhaustion**

Defendants first contend that they are entitled to summary judgment on plaintiff's claims because, *inter alia*, plaintiff failed to exhaust available administrative remedies prior to filing this action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), requires that a prisoner filing a § 1983 claim first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In order to satisfy the exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not a jurisdictional predicate but the requirement is nevertheless mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative procedure would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has noted that failure to exhaust "is an affirmative defense on which the defendant bears the burden of proof." *Vandiver v. Corr. Med. Servs.*, 326 Fed. Appx. 885, at *888 (6th Cir. May 1, 2009) (citing *Jones*, 549 U.S. 199, 127 S. Ct. at 922-23).

Ohio employs a three-step grievance procedure for inmate claims. Ohio Admin. Code § 5120-9-31. First, an inmate must file an informal complaint. Ohio Admin. Code § 5120-9-31(K)(1). If that complaint does not result in a decision satisfactory to the inmate, the inmate can appeal the decision to the Inspector of Institutional Services. Ohio Admin. Code § 5120-9-31(K)(2). If that appeal is found to be

without merit, the inmate can then appeal the decision to the Chief Inspector. Ohio Admin. Code § 5120-9-31(K)(3).

### 1. Claim related to the denial of medication

In support of their *Motion for Summary Judgment*, defendants submit documents illustrating that plaintiff was familiar with and had previously utilized the grievance system, exhausting his administrative remedies as to a claim concerning an unrelated incident occurring in March 2009. *Exhibits A*, *B*, *C*, *D*, and *E*, attached to *Motion for Summary Judgment*. *See also Affidavit of Mary Lawrence*, ¶¶ 12-13, attached as *Defendants' Exhibit H* to the *Motion for Summary Judgment* ("*Lawrence Affidavit*"). As to plaintiff's first claim in the instant case, *i.e.*, the alleged denial of prescription medication in September 2010, plaintiff submitted an informal complaint form on or around September 16, 2010. *Exhibit F*, attached to *Motion for Summary Judgment*. Plaintiff received a response to that informal complaint on or about September 20, 2010, which denied his complaint. *Id*.

To support their position that plaintiff did not exhaust his administrative remedies as to this claim, defendants submit the affidavit of Mary Lawrence, PCI's Inspector of Institutional Services. *Lawrence Affidavit*, ¶ 3. Inspector Lawrence avers that plaintiff's records and grievance history indicate plaintiff "never sought a grievance form for this alleged violation [denial of medication in September 2010] from my office, constituting the second step of the grievance process." *Id*. at ¶¶ 9-10.

In response, plaintiff contends that when he requested "an appeal form," he was told "there were no forms available for me. . . it was withheld from me." *Plaintiff's Response*, p. 1, ¶ B, 3-4. *See also*

7

*Surreply*, p. 1. However, plaintiff's assertions are neither sworn nor made under penalty of perjury. *Id*. Under Rule 56, a party must support factual assertions with admissible evidence. Fed. R. Civ. P. 56(c), (e). Plaintiff's *pro se* status does not alter this obligation. *See Viergutz v. Lucent Techs.*, No. 08-3626, 375 Fed. Appx. 482, at *485 (6th Cir. April 23, 2010). *See also Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (stating that "[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law. . . and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage") (internal citations omitted); *United States v. Brown*, 7 Fed. Appx. 353, at *354 (6th Cir. Mar. 19, 2001) (affirming grant of summary judgment where, *inter alia*, *pro se* litigant offered relevant factual allegations, but "did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury"). Therefore, the Court cannot consider plaintiff's unsworn assertions at the summary judgment stage. *Id*. *See also Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("'[A] court may not consider unsworn statements when ruling on a motion for summary judgment.'") (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991)). Because plaintiff has presented no admissible evidence to rebut defendants' evidence, this Court concludes that plaintiff has failed to exhaust his administrative remedies as to his claim based on the alleged denial of medication in September 2010.

      2.    **Claim related to the seizure of identification card / denial of meals**

On January 13, 2011, plaintiff filed an informal complaint regarding Sergeant Justice's alleged seizure of plaintiff's identification card and alleged denial of meals. *Exhibit G*, attached to *Motion for Summary Judgment*; *Lawrence Affidavit*, ¶ 11. Plaintiff received a response on or about January 18, 2011, directing him to address the complaint "to the Unit Manager who is the immediate supervisor of the sergeant." *Exhibit G*. *See also Lawrence Affidavit*, ¶ 11. According to Inspector Lawrence, plaintiff "failed to do so." *Id*.

Plaintiff responds that he exhausted the administrative remedies that were available to him at the time because there was no unit manager over Sergeant Justice and therefore no one else to whom plaintiff could address this complaint. *Plaintiff's Response*, pp. 1-4, *Surreply*, p. 1. However, plaintiff's assertions are, again, unsworn and therefore inadmissible at the summary judgment stage. *See Viergutz*, 375 Fed. Appx. 482, at *485; *Harris*, 627 F.3d at 239 n.1. Because plaintiff has presented no admissible evidence to rebut the *Lawrence Affidavit* or to otherwise establish that the grievance procedure was unavailable to him, the Court must conclude that plaintiff has failed to exhaust his administrative remedies as to his claim based on the seizure of his identification card and alleged denial of meals in January 2011.[4]

### III. *MOTION TO AMEND* AND *MOTION FOR EXTENSION*

Plaintiff has filed a motion seeking leave to further amend his

---

[4]Plaintiff also asserts that defendants have "removed or destroyed much of the physical evidence in this case[.]" *Surreply*, p. 2. For the reasons discussed *supra*, this Court will not consider this unsworn assertion.

complaint. *Request for Leave to Add Additional Defendants to Case No. 2:11cv132*, Doc. No. 38 ("*Motion to Amend*"). Plaintiff first seeks leave to dismiss Ernie Moore, former ODRC director and, presumably, to add the current ODRC director, Gary Mohr. *Id*. at 1-2. As the Court discussed *supra*, to the extent that plaintiff asserts claims against the ODRC director in his official capacity, Gary Mohr has been automatically substituted in place of former director Ernie Moore pursuant to Fed. R. Civ. P. 25(d).

Plaintiff also seeks to add as defendants Sergeant Justice, the PCI officer who allegedly seized plaintiff's identification card in January 2011, and Jane Doe, the PCI nurse who allegedly refused to administer plaintiff's medication in September 2010. *Motion to Amend*, pp. 1-2. However, for the reasons discussed *supra*, plaintiff has failed to exhaust his administrative remedies as to claims arising from these events. Accordingly, these proposed amendments would be futile and plaintiff's motion to amend must therefore be denied. *See*, *e.g.*, *Harris v. Errkila*, No. 02-1370, 48 Fed. Appx. 978, at *979-80 (6th Cir. Oct. 22, 2002) (affirming denial of leave to amend complaint as futile where plaintiff failed to exhaust administrative remedies). In light of this denial, defendants' motion for an extension in which to respond to plaintiff's *Motion to Amend*, Doc. No. 45, is moot.

**IV.**   ***REQUEST TO EXTEND CASE SCHEDULE***

Plaintiff seeks additional time in order conduct discovery and to extend the deadline for filing dispositive motions because, *inter alia*, of his desire to add additional defendants to this action. Doc. No. 51. However, in light of this Court's conclusion that plaintiff has failed to exhaust his administrative remedies and denial of

10

plaintiff's motion for leave to amend in order to add defendants, plaintiff's request for an extension of time, Doc. No. 51, is moot.

**V.    *MOTION FOR DEFAULT JUDGMENT***

Plaintiff has moved for default judgment "for failure of defendants to proceed by Federal Rules of Civil Procedure which governs this case and for judicial misconduct of defendants who lost, stole or misplaced vital evidence in the form of plaintiff's medical records which proves plaintiff's allegations."  Doc. No. 54, p. 1. Plaintiff's request is without merit.

Plaintiff previously moved for default judgment against defendants.  Doc. No. 16.  In denying plaintiff's earlier request, the Court found that defendants' answer to the *Amended Complaint* was filed within forty-five days after service of process was effected on them by the United States Marshal Service, which was timely in accordance with the Court's prior order.  *Opinion and Order*, Doc. No. 29 (citing *Answer*, Doc. No. 15, and *Order*, Doc. No. 7).  Plaintiff's unsupported assertions that defendants "lost, stole or misplaced vital evidence" does not alter the fact that defendants timely responded to the *Amended Complaint*.  Plaintiff's present request for default judgment, therefore, is likewise without merit.

**WHEREUPON**, it is **ORDERED** that

1.    Plaintiff's *Request for Leave to Add Additional Defendants To Case No 2:11-cv-132*, Doc. No. 38, is **DENIED**;

2.    *Defendants' Motion Requesting an Extension or Enlargement of Time to Respond to Plaintiff's Request for Leave to Add Additional Defendants*, Doc. No. 45, is **DENIED as moot**;

3.    Plaintiff's *Request for Extension of Time*, Doc. No. 51, is **DENIED as moot**; and

4.    *Defendants' Objection and/or Motion to Strike "Plaintiff's Response to Defendants' #49*, Doc. No. 52, is **DENIED**.

It is **RECOMMENDED** that

1.    *Motion for Summary Judgment of Defendants Gary Mohr, Director, and Brian Cook, Warden*, Doc. No. 47, be **GRANTED**; and

2.    Plaintiff's *Motion for Default Judgment*, Doc. No. 54, be **DENIED;** and

**3.**    That this action be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 29, 2011                               *s/Norah McCann King*
                                                          Norah M$^c$Cann King
                                     United States Magistrate Judge

Case: 2:11-cv-00132-MHW-NMK Doc #: 56 Filed: 12/29/11 Page: 14 of 14  PAGEID #: 237