# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**George Moore,**

    **Plaintiff,**

v.

**Warden, Pickaway Correctional Institution,** *et al.***,**

    **Defendants.**

Case No. 2:11–cv–132

Judge Michael H. Watson
Magistrate Judge King

## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983,[1] alleging that Defendants deprived him of medication and food in violation of his rights under the Eighth Amendment to the United States Constitution. On September 20, 2011, the United States Magistrate Judge recommended that the remaining Defendants' Motion for Summary Judgment, ECF No. 47, be granted, that Plaintiff's Motion for Default Judgment, ECF No. 54, be denied and that this action be dismissed. *Order and Report and Recommendation*, ECF No. 56. This matter is before the Court on Plaintiff's objections, ECF No. 58, to the *Order and Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. § 636(b).

In the *Report and Recommendation*, the Magistrate Judge concluded, *inter alia*, that Plaintiff failed to exhaust his administrative remedies as to his claim of denial of

---

[1] Although Plaintiff filed this action on a form petition under 28 U.S.C. § 2254, ECF No. 1, the Court construed the action as being brought pursuant to Section 1983, noting that plaintiff is complaining about conditions of confinement. *Order of Transfer*, ECF No. 2.

medication in September 2010 and his claim of the unlawful seizure of his identification card and the consequent denial of meals in January 2011. *Order and Report and Recommendation* 5–9, ECF No. 56. Defendants offered the sworn affidavit of Mary Lawrence, the Inspector of Institutional Services for Pickaway Correctional Institution ("PCI"), in support of Defendants' argument that Plaintiff failed to exhaust his administrative remedies. *Id.* In contrast, Plaintiff offered only unsworn assertions, which the Magistrate Judge determined were inadmissible at the summary judgment stage. *Id.* at 7–9. In so concluding, the Magistrate Judge explained that Rule 56 requires even *pro se* litigants to support factual assertions with admissible evidence. *Id.* at 8–9. Noting that Plaintiff's allegations were neither sworn nor made under penalty of perjury, the Magistrate Judge went on to cite to case authority which stands for the proposition that factual allegations must be supported by an affidavit or contained in a pleading that is signed "under penalty of perjury." *Id.* at 8 (citing, *inter alia*, *United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment where *pro se* litigant offered relevant factual allegations, but "did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury")).

In his objections, Plaintiff now includes a "Certification" of his allegations. Objections 3, ECF No. 58. An unsworn certificate may carry the force and effect of a sworn statement if it is "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." 28 U.S.C. § 1746(2). Here, Plaintiff's "Certification" reads in its entirety: "I, George Moore, do hereby upon my oath swear and declare that all statements given herein are true and correct to the best of my ability. [Signature]."

Objections 3, ECF No. 58. Not only is this "Certification" undated, but Plaintiff does not certify that the statements are made "under penalty of perjury."

The United States Court of Appeals for the Sixth Circuit has granted summary judgment on a claim where supporting factual assertions were not made under "penalty of perjury." *See, e.g., Evans v. Vinson*, 427 F. App'x 437, 442–43 (6th Cir. 2011) (granting summary judgment on a due process claim where plaintiff "did not, as the district court acknowledged, 'provide these [factual] details under penalty of perjury, in his verified complaint, or in his affidavit attached to his response'"). *Cf. CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011) (rejecting statement offered in support of Rule 56(d) motion where "[t]he statement was not sworn to before a notary public nor signed under penalty of perjury pursuant to 28 U.S.C. § 1746"); *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (finding that a verified complaint carries the same force as an affidavit for purposes of summary judgment where the plaintiff "signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746"). In another context, the Sixth Circuit has rejected an affidavit that was not made "under penalty of perjury" pursuant to Section 1746. *See Walton v. Wheatly Co.*, No. 92-3379, 1993 U.S. App. LEXIS 3507, at *9–10 (6th Cir. Feb. 19, 1993) (analyzing the language of Section 1746 in the context of a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and concluding that the supporting affidavits, including one that was not acknowledged under "penalty of perjury," "were inadequate").

Here, as discussed *supra*, Plaintiff was specifically advised by the Magistrate Judge that his factual allegations must be supported by an affidavit or contained in a filing that is signed under "penalty of perjury." *Order and Report and Recommendation*

8, ECF No. 56. Because Plaintiff's "Certification" was not made under "penalty of perjury," the Court cannot rely on the factual assertions contained in Plaintiff's objections. *See, e.g., Evans*, 427 F. App'x at 442–43. The sworn affidavit of PCI Inspector of Institutional Services Mary Lawrence, detailing Plaintiff's failure to complete all steps of the grievance procedure, is therefore uncontroverted. Accordingly, the Magistrate Judge correctly concluded that Plaintiff failed to exhaust his administrative remedies as to his claim of the alleged denial of medication in September 2010 and as to his claim regarding the alleged seizure of his identification card and consequent denial of meals in January 2011.

Plaintiff's assertion that the Magistrate Judge erred when she stated that exhaustion is mandatory does not militate a different result. First, the Magistrate Judge correctly relied on Sixth Circuit precedent holding that exhaustion is indeed mandatory. *See Order and Report and Recommendation* 6, ECF No. 56. Second, to the extent that Plaintiff argues that he is only required to exhaust those administrative remedies that "are available" to him, he has, for the reasons discussed above, offered no admissible evidence that any of these remedies were unavailable to him.

Plaintiff's remaining arguments are likewise unavailing. Plaintiff's reliance on the *Amended Complaint*, ECF No. 9, does not rebut the affidavit of PCI Institutional Inspector Lawrence and establish that Plaintiff exhausted his administrative remedies.[2] Plaintiff also alleges that an employee of the Ohio Department of Rehabilitation and Corrections ("ODRC"), one Donald Huntsberger, "will testify that ODRC does business

---

[2] The *Amended Complaint* also contains Plaintiff's flawed certification, which is not made "under penalty of perjury."

by telling lies and placing false documentation on file to support their lies[.]" Objections 1, ECF No. 58. However, Plaintiff's unsupported speculation as to this non-party's possible testimony does not does not serve to establish that Plaintiff actually exhausted his administrative remedies. Finally, Plaintiff "submits a small portion of his altered medical record to demonstrate the seriousness and extent of the fraud being prepertated [sic] by defendants." *Id.* at 2 (citing to *Exhibit MM-3* and *Exhibit MM-4*, attached thereto). As an initial matter, these documents have not been authenticated and therefore cannot be considered by this Court. *See* Fed. R. Civ. P. 56(c). In any event, Plaintiff apparently offers the documents to support claims that this Court has already determined were not exhausted and are therefore not properly before this Court.

Having carefully reviewed the record, the *Report and Recommendation* and Plaintiff's objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, ECF No. 58, are **DENIED**. The *Report and Recommendation*, ECF No. 56, is **ADOPTED** and **AFFIRMED**. The remaining Defendants' Motion for Summary Judgment, ECF No. 47, is **GRANTED** and Plaintiff's Motion for Default Judgment, ECF No. 54, is **DENIED**. In light of this ruling, Defendants' Motion to Stay Discovery, ECF No. 55, is **DENIED** as moot.

The Clerk shall enter **FINAL JUDGMENT**.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**